OPINION
Appellant David Untied appeals the decision of the Muskingum County Court that entered judgment against him in the amount of $16,954.88. The following facts give rise to this appeal. On December 9, 1997, OK Coal and Concrete filed a complaint, on account, against Appellant David Untied. The complaint alleges appellant owes OK Coal and Concrete $2,754.88. On January 7, 1998, appellant filed his answer. Thereafter, on January 22, 1998, appellant filed a counterclaim against OK Coal and Concrete and a cross-claim against Ronzal King, Jr. and Angel King. OK Coal and Concrete filed an answer to appellant's counterclaim on January 28, 1998. On March 12, 1998, the Kings filed an answer to appellant's cross-claim and a third-party counterclaim against appellant. In their third-party counterclaim, the Kings allege they paid appellant the sum of $15,300 for the first draw for construction on their new house. The Kings further allege appellant absconded with the money and failed to perform any work. Appellant did not file an answer to the Kings' third-party counterclaim filed against him. This matter proceeded to a hearing on November 10, 1998. Appellant did not appear at the hearing. The trial court filed a judgment entry, on November 30, 1998, granting judgment in favor of OK Coal and Concrete, against appellant, in the amount of $2,745.88. The trial court found no merit to the counterclaim appellant filed against OK Coal and Concrete. The trial court also entered judgment, in favor of Ronzal King, Jr. and Angel King, in the amount of $14,200. The trial court found no merit to appellant's cross-claim against the Kings. Appellant filed a demand for reconsideration and motion for new trial on December 14, 1998. The trial court overruled appellant's motions on December 31, 1998. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. WHETHER THE MUSKINGUM COUNTY COURT PREJUDICED THE APPELLANT BY DISALLOWING THE DISCOVERY PROCESS AS PROVIDED IN THE OHIO RULES OF CIVIL PROCEDURE AND DENIED THE APPELLANT (SIC) TO A FAIR TRIAL.
 II. WHETHER THE MUSKINGUM COUNTY COURT PREJUDICED THE APPELLANT BY DENYING THE APPELLANT A TRIAL BY JURY.
 III. WHETHER THE COUNSEL FOR THE DEFENDANTS' (SIC), RONZAL JR. AND ANGEL KING, MISLED THE COURT AND THE APPELLANT THEREBY CAUSING THE APPELLANT TO BE (SIC) PREJUDICED AND CREATING A MANIFEST INJUSTICE.
 IV. WHETHER THE MUSKINGUM COUNTY COURTS (SIC) DENIED THE APPELLANT HIS CONSTITUTIONAL RIGHT TO ACCESS TO (SIC) COURTS AND THEREBY PREJUDICED THE APPELLANT.
 V. WHETHER THE MUSKINGUM COUNTY COURT ABUSED ITS' (SIC) DISCRETION BY ORDERING A JUDGMENT IN THE CASE.
 I
In his First Assignment of Error, appellant contends the trial court did not permit discovery under the Ohio Rules of Civil Procedure and therefore, denied appellant a fair trial. We disagree. The record indicates the trial court did not prevent discovery in this matter. The Kings served appellant with requests for admission, requests for production of documents and interrogatories. The record also indicates appellant served the Kings with requests for admission and interrogatories. Therefore, appellant's claim that he was denied his right to discovery, under Ohio Rules of Civil Procedure, has no merit. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends he was denied his right to a jury trial. We disagree. Civ.R. 38 addresses jury trial of right and provides, in pertinent part: (B) Demand Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. * * *
* * *
(D) Waiver The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. * * *
Upon review of the record in this matter, we find appellant never requested a trial by jury. Therefore, under Civ.R. 38(D), we find appellant waived his right to a jury trial. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant maintains the attorney that represented the Kings in this matter misled him and the trial court concerning the existence of a settlement and the trial date of this matter. We disagree. Appellant did not file a transcript of the hearing in this matter. Therefore, we do not know whether, on the record, the parties ever discussed settlement. There is nothing contained in the record, before this court, that indicates the parties entered into a settlement. Further, the record does indicate the clerk's office notified appellant of the hearing scheduled for November 10, 1998. There is no evidence that either the attorney representing the Kings or the trial court misled appellant. Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant contends he was denied access to the court. We disagree. In this assignment of error, appellant again raises the issue that he was not provided a trial by jury and he was not notified of the hearing scheduled for November 10, 1998. We have previously addressed these arguments and overruled them. Appellant's Fourth Assignment of Error is overruled.
 V
In his Fifth Assignment of Error appellant maintains the trial court abused its discretion when it entered judgment in this matter. We disagree. Appellant again raises the arguments that he was not informed of the hearing date and that he had entered into a settlement agreement with OK Concrete and Coal. We have already addressed these arguments. Appellant also argues the Kings did not answer his third-party counterclaim. However, the record indicates the Kings filed an answer to appellant's third-party complaint on March 12, 1998. Appellant's Fifth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Muskingum County Court, Muskingum County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.